UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:11-CV-21900-ALTONAGA/Simonton

DREW ESTATE HOLDING
COMPANY, LLC

     Plaintiff,

 v.

FANTASIA DISTRIBUTION, INC.

     Defendant/
     Third Party Plaintiff,

 v.

STARBUZZ TOBACCO, INC.,

     Third Party Defendant.

**FANTASIA'S REPLY IN OPPOSITION TO STARBUZZ'S MOTION
TO DISMISS THIRD PARTY PLAINTIFF'S AMENDED THIRD PARTY CLAIMS**

 Defendant, Fantasia Distribution, Inc. ("Fantasia"), by and through its undersigned counsel, hereby submits its Reply in Opposition to Starbuzz Tobacco, Inc.'s ("Starbuzz") Motion to Dismiss Counts I, and II of Defendant's Counterclaim ("Starbuzz's Motion"), and respectfully requests that this Court deny the Motion.

**BACKGROUND**

 Fantasia reiterates its statements regarding the background of this matter set forth in its Opposition to the First Motion to Dismiss.

1

# ARGUMENT

## I. Fantasia's Counterclaim for Unfair Competition and Trademark Infringement is Properly Pled, and Starbuzz Misleads this Court in its Assertions Otherwise

Fantasia properly pled Count I for its Counterclaims, and Starbuzz's Motion to Dismiss should be denied for various reasons, not the least of which is it has repeatedly misled this Court in its recitation of black letter law.

### A. Starbuzz Misconstrues Case Law Regarding Lanham Act and Trademark Pleadings

As an initial matter, Starbuzz once again[1] misleads this Court in its recitation of the law related to Lanham Act and trademark infringement pleadings. In its Motion to Dismiss, Starbuzz asserts "To plead trademark infringement under 15 U.S.C. § 1125(a), a claimant must show (1) ***that it had prior rights to the mark at issue…***"[2] (Emphasis original.) Starbuzz cites *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.* 106 F.3d 355, 360 (11th Cir. 1997) as support.

In contrast to Starbuzz's assertions, the *Lone Star* ruling says nothing about pleadings. Rather, *Lone Star* dictates what a party must show ***"to prevail"***[3] under 15 U.S.C. § 1125(a). Not

---

[1] In its first Motion to Dismiss, Starbuzz proclaimed that in order to escape dismissal, Fantasia's pleadings must somehow be held to a higher standard: Fantasia must "*prove* that it used the SURFER ON ACID mark in commerce before Drew or Starbuzz" (First Motion to Dismiss, p. 12). Starbuzz now repackages the same argument, asserting that Fantasia "must show" something in its pleadings, when in actuality, the cited case states something very different.
[2] Starbuzz's Motion to Dismiss, pp. 3-4.
[3] *Id*., at 360.

2

surprisingly, Starbuzz failed to quote the relevant passage. As further clarification on this issue, *Lone Star* cites *Conagra, Inc. v. Singleton*, 742 F.2d 1508, 1512 (11th Cir. 1984). Turning to *Conagra*, it is expressly stated that the Eleventh Circuit was discussing what a party "had to prove to merit injunctive relief under § 43(a) of the Lanham Act." *Id.* Once again, nowhere was the Court discussing the requirements of *pleading* an action under the Lanham Act.

B.  *Fantasia Need Not "Prove" Anything In Its Counterclaims*

Although Starbuzz eventually concedes that Fantasia has (properly) asserted its senior status,[4] Starbuzz continues its misleading crusade as to what Fantasia was to purportedly "prove" in its pleadings:

> To establish that it has a valid trademark, the plaintiff *must prove* that it used the mark in commerce prior to the defendant's use of the potentially confusing mark. *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1022 (11th Cir.1989).

Starbuzz's Motion, p. 10 (emphasis added).

For at least the third time, Starbuzz erroneously points to a case that discusses what a party must show *to prevail on a Lanham Act claim.* However, for at least the third time, such cases are simply inapplicable.

Turning to *Tally-Ho*, it is clear that the district court held an evidentiary hearing prior to making any findings as to which party first used the mark in commerce.[5] The sole task of the Ninth Circuit was to review whether the district court erred in denying the preliminary

---

[4] On page 10 of its Motion, Starbuzz admits, "Fantasia merely presents a legal conclusion that it is the senior user of ACID for hookah tobacco. (FATPC ¶¶ 9, 18)."
[5] "Following an evidentiary hearing, the district court issued an order denying Tally-Ho's motion for a preliminary injunction." *Id.*, at 1021.

injunction.[6] Once again, nowhere was sufficiency of pleadings, or even a motion to dismiss, being considered.

For at least these reasons, Starbuzz's argument fails, and its Motion to Dismiss should be denied.

### C. Fantasia's Pleadings Satisfy *This Court's* Standards for Unfair Competition and Trademark Infringement Pleadings

One (and specifically Starbuzz) need look no further than this honorable Court to find rulings that clarify when an unfair competition or trademark infringement pleading is sufficient. Significantly, this Court has found that *even if* Fantasia had failed to allege it was the senior user – and by Starbuzz's own admission,[7] it has not – the Unfair Competition count would still survive. As the Hon. Davis recited *in ruling on a motion to dismiss*,

> [an] unfair competition claim is a 'broader' one that requires the court to examine conduct...that would not be dispositive of an infringement claim. One example would be the use of packaging or 'trade dress' that is not protected by a registered trademark that nevertheless causes confusion between products.

*Benard Indus. v. Bayer Aktiengesellschaft*, 1996 U.S. Dist. LEXIS 15622 at *7 (D. Fla. 1996).

Accordingly, the Court found that "where a claim of unfair competition is based on conduct that is not dispositive of an infringement claim, the 'failure on the infringement claim would not automatically bar an unfair competition claim.'" *Id.* (citations omitted).

---

[6] "The sole issue on appeal is whether the district court erred in denying Tally-Ho's motion for a preliminary injunction." *Id.*
[7] See Footnote 4, above.

For all of these reasons, Starbuzz's Motion to Dismiss Count I mischaracterizes the case law, and fails to allege even a supportable reason for dismissal. Accordingly, the Motion should be denied.

## II.     Fantasia's Counterclaim for Cancellation of the Blue Surfer Mark is Properly Pled

Turning to Fantasia's counterclaim for cancellation, Starbuzz's argument fails again, both legally and factually. While it is true that Fantasia clearly asserts Starbuzz defrauded the trademark office, Starbuzz's heightened reading of the requirements for pleading trademark cancellation is – once again – flawed.

Legally, all Fantasia must assert is that Starbuzz knowingly submitted false affidavits to the USPTO. Fantasia did precisely that. The Central District of Florida recently ruled on this issue in a similar case.

> A third party may petition to cancel a registered service mark on the grounds that the registration was obtained fraudulently. Fraud in procuring a [mark] occurs when an applicant knowingly makes false, material representations of fact in connection with an application. The obligation which the Lanham Act imposes on an applicant is that he will not make *knowingly* inaccurate or *knowingly* misleading statements in the verified declaration forming a part of the application for registration.

*Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2011 U.S. Dist. LEXIS 14455 at *5 (Mid. D. Fla. 2011).

In denying Plaintiff's Motion to Dismiss Defendant's cancellation count, the *Meth Lab* Court found:

> Plaintiff's arguments in favor of dismissal appear to attack the veracity of Defendants' allegations, which would be an issue for summary judgment. Moreover, the Court concludes that Defendants' counterclaims assert sufficient allegations of fraud. …

>Specifically, Defendants claim that Joseph and Julie Mazzuca knowingly submitted false affidavits claiming MLCC's marks had become distinctive because of this purported substantial and exclusive use when they knew that they were not the only users of the mark.

*Id.*

Similar to the facts before the *Meth Lab* Court, Starbuzz uses the majority of its Motion to attack the veracity of Fantasia's allegations. Yet Starbuzz ignores that Fantasia, much like the defendant in *Meth Lab*, sufficiently pled allegations of fraud.

Specifically, Fantasia has alleged "Starbuzz filed Application No. 85055511 for Blue Surfer after learning that Fantasia was using Surfer on Acid on its products."[8] Fantasia also alleged "the Starbuzz Blue Surfer mark date of first use is not as early as Starbuzz has declared in sworn statements at the U.S. Patent and Trademark Office."[9] Fantasia continued with additional specific statements: "Starbuzz has made sworn statements at the U.S. Patent and Trademark Office that Blue Surfer is being used in relation with Herbal Molasses."[10] Fantasia then stated, "On information and belief, Starbuzz has never marketed or sold a Blue Surfer product relating to herbal molasses."[11] Finally, Fantasia asserts "Starbuzz's *false assertions* to the U.S. Patent and Trademark Office render the Blue Surfer mark unenforceable and suitable for cancellation."[12]

---

[8] Amended Counterclaims, ¶19.
[9] Amended Counterclaims, ¶20.
[10] Amended Counterclaims, ¶21.
[11] Amended Counterclaims, ¶22.
[12] Amended Counterclaims, ¶26.

Accordingly, Fantasia has asserted not only that Starbuzz *knowingly filed* its Blue Surfer mark after learning that Fantasia was a senior user, Fantasia has also asserted that Starbuzz has made sworn, and fraudulent statements in attempting to procure the trademark.

For all of the reasons stated above, Counts I and II of Fantasia's Amended Counterclaims are properly pled.

### III.     Per Starbuzz's Request, The USPTO Has Suspended Cancellation Proceedings Pending the Outcome of This Case

Finally, Starbuzz's Motion to Dismiss should be denied because it just requested – and the USPTO accepted its request – to suspend two cancellation proceedings between Starbuzz and Fantasia pending the outcome of this case. For this additional reason, Starbuzz's Motion to Dismiss as presented to this court is disingenuous, and should be denied.[13]

---

[13] See http://ttabvue.uspto.gov/ttabvue/v?pno=91201358&pty=OPP&eno=9

Date: <u>Jan. 12, 2012</u>                                       Respectfully submitted,


<u>/s/Mark Terry, B.C.S.</u>
Mark Terry, B.C.S.
Florida Bar No. 506151
Email: mark@terryfirm.com
801 Brickell Av., Suite 900
Miami, FL 33131
Phone: 786-443-7720
Fax: 786-513-0381

and

<u>/s/ David Oskin</u>
David Oskin
Caliber IP, LLC
150 N. Michigan Ave., Ste 2800
Chicago, IL 60601
(312) 890-2527
(312) 277-9002  Facsimile
*Admitted Pro Hac Vice*


*Attorneys for Defendant Fantasia Distribution, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on  1/12/12  a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system and served on all counsel of record noted below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via US Mail for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/Mark Terry/_____
Mark Terry, B.C.S.

**SERVICE LIST**

**CASE NO. 1:11-CV-21900-CMA**

| | |
|---|---|
| Leslie J. Lott<br>Ury Fischer<br>Lott and Fischer<br>355 Alhambra Circle, Suite 1100<br>Coral Gables, FL 33134<br>E-mail: ljlott@lottfischer.com<br>E-mail: ufischer@lfiplaw.com | Michael D. Ecker; Desiree L. Wilfong;<br>Roberta Jacobs-Meadway;<br>Eckert Seamans Cherin & Mellott, LLC<br>Two Liberty Place, 22nd Floor<br>50 S. 16th Street<br>Philadelphia, PA 19102<br>E-mail: MEcker@eckertseamans.com<br>E-mail: DWilfong@eckertseamans.com<br>E-mail: RJacobsMeadway@eckertseamans.com |
| Robert Thornburg<br>Allen, Dyer Doppelt, Milbrath & Gilchrist, P.A.<br>777 Brickel Ave., Ste. 1114<br>Miami, FL 33131<br>E-mail: rthornburg@addmg.com | Natu Patel<br>The Patel Law Firm PC<br>2531 Dupont Dr.<br>Irvine, CA 92612-1524<br>E-mail: npatel@thepatellawfirm.com |