UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-21900-CIV-ALTONAGA/Simonton

**DREW ESTATE HOLDING CO., LLC**,

    Plaintiff,

vs.

**FANTASIA DISTRIBUTION, INC.**,

    Defendant/
    Third-Party Plaintiff,

vs.

**STARBUZZ TOBACCO, INC.**,

    Third-Party Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Third-Party Defendant Starbuzz Tobacco, Inc.'s ("Starbuzz['s]") Motion to Dismiss Third-Party Plaintiff's Amended Claims ("Motion") [ECF No. 86], filed December 22, 2011. The Court has carefully reviewed the parties' written submissions and applicable law.

### I. BACKGROUND

This litigation began when Plaintiff, Drew Estate Holding Company LLC ("Drew"), filed its Complaint [ECF No. 1] for trademark infringement and unfair competition under 15 U.S.C. Section 1125(a), against Defendant, Fantasia Distribution, Inc. ("Fantasia"), on May 25, 2011. In the Complaint, Drew alleged that since 1999 it has been the exclusive licensee of the trademark ACID for use in connection with tobacco and tobacco products, including cigars. (*See*

Drew's Compl. ¶¶ 7–8). Additionally, Drew developed a line of shisha (hookah) tobacco products, also using the ACID mark, in connection with Starbuzz. (*See id.* ¶ 10). Drew claimed to be authorized by "its exclusive license to protect the ACID marks." (*Id.* ¶ 11).

On December 27, 2010, Fantasia registered for the trademark SURFER ON ACID, and in its application Fantasia claimed "to have first used the mark on November 24, 2009." (*Id.* ¶ 16). Fantasia asserted that it uses the mark for hookah tobacco, molasses tobacco, smoking tobacco, and tobacco. (*See id.*). Around March 24, 2011, Drew demanded that Fantasia "terminate use of the term ACID as a name or mark or part of a name or mark" because Drew considered it to constitute infringement of Drew's right in the ACID mark. (*Id.* ¶ 17). Fantasia, however, refused to cease its use of the SURFER ON ACID mark.

On September 27, 2011, Fantasia responded to Drew's Complaint in part by filing Third-Party Claims against Starbuzz, which were intermingled with Fantasia's Counterclaims against Drew. (*See* Fantasia's Ans. & Countercl. & Third-Party Cl. [ECF No. 53]). The Court dismissed, without prejudice, all three counterclaims against Drew as shotgun pleadings and two of the claims for failing to state claims for relief. (*See* Nov. 23, 2011 Order [ECF No. 77]). Similarly, the Court also dismissed the claims against Starbuzz because they were "virtually identical" to the counterclaims against Drew. (Dec. 5, 2011 Order [ECF No. 79]).

On December 8, 2011, Fantasia filed Amended Counterclaims against Drew and Amended Third-Party Claims against Starbuzz. (*See* Fantasia's Am. Ans. & Countercl. & Third-Party Cl. ("Amended Claims") [ECF No. 82]). Fantasia asserts two counts against Starbuzz.

Count I states a claim of unfair competition and trademark infringement. (*See id.* 8). Specifically, Fantasia alleges that Drew and Starbuzz cooperated to market a hookah tobacco product under the ACID mark. (*See id.* ¶ 12). Fantasia views Drew and Starbuzz's ACID mark

as confusingly similar to the SURFER ON ACID mark used by Fantasia in sound, appearance, and commercial impression, and alleges the presence of "SURFER ON" does nothing to obviate the close similarity between the parties' marks. (*See id*. ¶¶ 14, 16). Fantasia asserts its use of SURFER ON ACID, as it relates to hookah tobacco, is senior to Drew and Starbuzz's use of the ACID mark. (*See id*. ¶ 18). Fantasia's goods and those of Drew and Starbuzz are closely related. (*See id*. ¶ 17). Fantasia alleges that Drew and Starbuzz's continued use of the ACID mark in connection with their hookah tobacco and tobacco products deprives Fantasia of its right to determine the manner in which the SURFER ON ACID mark is used. (*See id*. ¶ 19).

Count II is titled, "Cancellation of U.S. Trademark Registration No. 4004853[.]" (*Id.* 9). Specifically, Fantasia alleges that Starbuzz filed a federal trademark application seeking to register the mark BLUE SURFER "after learning that Fantasia was using the mark SURFER ON ACID on [Fantasia's] products." (*Id.* ¶ 21). Fantasia alleges that Starbuzz lied to the U.S. Patent & Trademark Office ("USPTO") to obtain BLUE SURFER, and thus Fantasia seeks to invalidate this mark. (*See id.* ¶ 28). In addition, Starbuzz has opposed Fantasia's SURFER ON ACID mark application with the USPTO, basing the opposition on its own BLUE SURFER trademark application. (*See id*. ¶ 27).

Starbuzz now moves to dismiss Fantasia's amended claims against it with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

## II. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for purposes of testing the sufficiency of plaintiff's allegations.").

Additionally, Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that a plaintiff plead material misrepresentations or omissions with particularity. The particularity rule alerts defendants to their precise misconduct and protects defendants against baseless charges of fraudulent behavior. *See Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988).

### III. ANALYSIS

Starbuzz moves to dismiss Fantasia's Amended Third-Party Claims on two grounds. First, it avers that the trademark infringement claim fails because Fantasia does not establish that it has priority in the ACID mark. (*See* Mot. 3). Second, Starbuzz asserts that the trademark cancellation claim should be dismissed because Fantasia fails to plead Starbuzz acted with the intent to deceive the USPTO, and Fantasia otherwise fails to plead with specificity the requisite elements for fraud. (*See id.* 7). The Court will address the merits of each of Starbuzz's arguments seriatim.

### A. Count I — Unfair Competition and Trademark Infringement with Respect to Starbuzz's ACID Mark[1]

Under the Lanham Act, a defendant is liable for trademark infringement if, without consent, he "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services" which "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). To prevail on a trademark infringement claim, a plaintiff must demonstrate: (1) plaintiff's mark has priority; (2) defendant used plaintiff's mark in commerce; and (3) defendant's mark is likely to cause consumer confusion. *See Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 122 F.3d 1379, 1382 (11th Cir. 1997); *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1300–01 (11th Cir. 2001). With regard to unfair competition, "'[t]he legal standard for unfair competition . . . and trademark infringement under both the Lanham Act and common law has been held to be essentially the same.'" *Knights Armament Co. v. Optical Systems Tech., Inc.*, 568 F. Supp. 2d 1369, 1376 (M.D. Fla. 2008) (quoting *Turner Greenberg Assocs., Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004)).

Starbuzz asserts that Count I should be dismissed because Fantasia cannot overcome Drew's priority in the ACID mark. (*See* Mot. 3–4). In particular, Starbuzz contends that Fantasia's claim fails because Fantasia has not pleaded facts showing that Fantasia "used the SURFER ON ACID mark in commerce before Drew and Starbuzz began use of the ACID mark." (*Id.* 4).

---

[1] In the Complaint, Drew alleges that it has developed a line of shisha tobacco products with Starbuzz under the ACID mark. (*See* Drew's Compl. ¶ 10). Drew also labels Starbuzz as a "licensee" of Drew's ACID mark. (Mot. 4). Moreover, Fantasia refers to "Plaintiff's and Starbuzz's use of the ACID mark" throughout Count I. (Am. Cl. 8–9).

5

To survive a motion to dismiss, Fantasia must plead facts showing that Fantasia's mark has priority over Drew's mark, which may be shown by demonstrating prior use. *See Lone Star Steakhouse & Saloon*, 122 F.3d at 1382 (finding that the plaintiff established priority because its mark was federally registered years before the defendant's mark); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004) (same). In Count I, Fantasia conclusorily states that it "is the senior user of the parties' marks as they relate to hookah tobacco." (Am. Cl. 9). No facts are pleaded concerning what makes Fantasia the "senior user."

Furthermore, in analyzing the sufficiency of a complaint, the Court may consider "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citing FED. R. CIV. P. 10(c)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). If "the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (citation and internal quotation marks omitted).

"In Florida, registration under the trademark statute is 'prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in this state in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein.'" *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1023 (11th Cir. 1989) (quoting FLA. STAT. § 495.061(2)). Here, documents central to the case include the trademark registrations filed with the USPTO for the

ACID and SURFER ON ACID marks. Starbuzz has provided copies of these trademark registrations with its Motion, asking that the Court take judicial notice of them. (*See* Mot. Exs. 1, 3 [ECF No. 86-1]). Upon examination of the exhibits, Fantasia's mark, SURFER ON ACID, was filed on December 27, 2010, and its "first use date" was November 24, 2009. (*Id.* Ex. 1). By contrast, Drew's ACID mark was filed on March 13, 2000, and its "first use date" was July 15, 1997. (*Id.* Ex. 3).

Fantasia does not contest the validity of these exhibits in its Response, it does not oppose the request that judicial notice be taken of them, nor does it address these exhibits or Starbuzz's arguments concerning their effect at all. (*See* Resp. [ECF No. 93]). Instead, Fantasia merely relies on its conclusory allegation that the SURFER ON ACID mark is senior to the ACID mark. Because this allegation is not supported by any well-pleaded facts, and is controverted by the exhibits, which are prima facie evidence that Starbuzz's ACID mark has priority over Fantasia's SURFER ON ACID mark, s*ee Tally-Ho*, 889 F.2d at 1023, Count I is dismissed.

### B. Count II — Cancellation of Starbuzz's BLUE SURFER Trademark

#### 1. Pleading Fraud — Intent to Deceive

The Court now turns to the issue of trademark cancellation. "A third party may petition to cancel a registered service mark on the grounds that the registration was obtained fraudulently." *Metro Traffic Control, Inc. v. Shadow Network Inc.*, 104 F.3d 336, 340 (Fed. Cir. 1997) (citing 15 U.S.C. § 1064(3)). "[A] trademark is obtained fraudulently under the Lanham Act only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the [US]PTO." *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009).

Starbuzz contends that Count II is insufficiently pleaded because Fantasia fails to plead the requisite elements of fraud upon the USPTO. (*See id.* 9). Specifically, Fantasia does not

plead facts demonstrating Starbuzz's "intent to deceive the USPTO." (*Id.* 11; Reply 4 [ECF No. 97]).

In Count II, Fantasia alleges the following:

> 21. Starbuzz filed Application No. 85055511 for BLUE SURFER (now Registration No. 4004853) after learning that Fantasia was using the mark SURFER ON ACID on its products.
>
> 22. On information and belief, the date of first use of the Starbuzz BLUE SURFER mark is not as early as Starbuzz has declared in sworn statements at the U.S. Patent and Trademark Office.
>
> 23. Starbuzz has made sworn statements at the U.S. Patent and Trademark Office that the mark BLUE SURFER is being used in relation with herbal molasses.
>
> 24. On information and belief, Starbuzz has never marketed or sold a BLUE SURFER branded product relating to herbal molasses.
>
> 25. On information and belief, Starbuzz has made additional sworn statements on other marks before the U.S. Patent and Trademark Office that such marks were used with herbal molasses.
>
> 26. On information and belief, such sworn statements are also false.

(Am. Cl. ¶¶ 21–26). In sum, Fantasia contends "that Starbuzz *knowingly filed* its BLUE SURFER mark after learning that Fantasia was a senior user . . . [and] also assert[s] that Starbuzz has made sworn, and fraudulent statements in attempting to procure the trademark." (Resp. 7) (emphasis in original).

Federal Rule of Civil Procedure 9(b) requires that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. *See Holguin v. Celebrity Cruises, Inc.*, Nos. 10-20215-Civ, 10-20545-Civ, 10-20546-Civ, 2010 WL 1837808, at *2 (S.D. Fla. May 4, 2010). A plaintiff must allege "(1) precisely what statements were made in

8

what documents or oral representations . . . , and (2) the time and place of each such statement and the person responsible for making . . . same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation and internal quotation marks omitted). In contrast, Rule 9(b) "permits states of mind, including knowledge, to be pled generally." *West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 88 (11th Cir. 2008).

As elucidated by the United States Supreme Court,

> "generally" is a relative term. In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake. Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. [Nonetheless,] [i]t does not give him license to evade the less rigid—though still operative—strictures of Rule 8. *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1301, p. 291 (3d ed. 2004) ("[A] rigid rule requiring the detailed pleading of a condition of mind would be undesirable because, absent overriding considerations pressing for a specificity requirement, as in the case of averments of fraud or mistake, the general 'short and plain statement of the claim' mandate in Rule 8(a) . . . should control the second sentence of Rule 9(b)").

*Iqbal*, 129 S. Ct. at 1954.

Fantasia alleges that Starbuzz knowingly made false statements to the USPTO in connection with Starbuzz's BLUE SURFER application. (*See* Am. Cl. ¶¶ 21–26). Such general knowledge pleading is sufficient to survive a motion to dismiss. *See, e.g.*, *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:10-cv-2550-T-30TGW, 2011 WL 398047, at *3 (M.D. Fla. Feb. 4, 2011) (holding defendants' counterclaims seeking cancellation of plaintiff's trademark registration on the ground that the plaintiff lied to the USPTO sufficiently pleaded that plaintiff

Case 1:11-cv-21900-CMA Document 98 Entered on FLSD Docket 01/24/2012 Page 10 of 13

Case No. 11-21900-CIV-ALTONAGA/Simonton

knew the applications did not qualify under Section 2(f) of the Trademark Act because plaintiff was not the substantial and exclusive user of the marks during the relevant period of time).

Starbuzz contends, however, that Fantasia's claim fails because it does not "point to a single allegation demonstrating that Starbuzz had any intent to defraud the USPTO." (Reply 4). In support, Starbuzz cites *Metro Traffic Control, Inc. v. Shadow Network Inc.*, 104 F.3d 336 (Fed. Cir. 1997). (*See id.*). The court in *Metro Traffic Control* noted the legal distinction between a "false" statement and a "fraudulent" statement. *Metro Traffic Control*, 104 F.3d at 340. An "honest misunderstanding, inadvertence [or] negligent omission" may be false, but without demonstrating an "intent to deceive[,]" such false statements are not "fraudulent." *Id.* Conversely, a false statement made with intent to deceive is fraudulent. *See id.* Starbuzz relies on this distinction in maintaining that because Fantasia does not specifically allege Starbuzz's intent to deceive the USPTO, Starbuzz's allegedly false statements do not rise to the level of being fraudulent. (*See* Reply 4).

The Court is not persuaded by Starbuzz's argument. The court in *Metro Traffic Control* found that the person who made the false statements had "an unclear understanding of the legal implications of his statement[s]." *Metro Traffic Control*, 104 F.3d at 341. The misstatements were not made in a "conscious effort to obtain for his business a registration to which he knew it was not entitled." *Id.* In other words, the misstatements, while false, were not fraudulent because they were not made with an intent to deceive.

Here, by contrast, Fantasia alleges Starbuzz made false statements to the USPTO in its BLUE SURFER application *after* learning that Fantasia was using the SURFER ON ACID mark. Construed in the light most favorable to Fantasia, it can be reasonably inferred that Starbuzz consciously tried to register for a trademark to which it knew it was not entitled — and by doing

so necessarily attempted to deceive the USPTO. Fantasia sufficiently pleads that Starbuzz's alleged false statements were made with fraudulent intent.

### 2. Pleading Fraud with Specificity under Rule 9(b)

Starbuzz also moves to dismiss Count II on the ground that "Fantasia fails to plead fraud with specificity" as required by Rule 9(b). (Mot. 7). Rule 9(b):

> plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (citations omitted).

Fantasia alleges that Starbuzz made false statements in three ways: (a) in misrepresenting the date of first use of the BLUE SURFER mark; (b) in representing use of the mark with herbal molasses; and (c) in other false sworn statements concerning other marks. (*See* Am. Cl. ¶¶ 22–25). Starbuzz contends Fantasia's three alleged misstatements, by themselves, fail because they do not contain "the what, when, where, how and why" of Starbuzz's alleged misrepresentations.

Regarding the first alleged misstatement, the Court finds it is not sufficiently pleaded. Fantasia alleges that "[o]n information and belief, the date of first use of the Starbuzz BLUE SURFER mark is not as early as Starbuzz has declared in sworn statements at the U.S. Patent and Trademark Office." (*Id.* ¶ 22). In essence, Fantasia alleges that Starbuzz lied about the date of first use of the BLUE SURFER mark (the "what") at the USPTO (the "where"). However, Fantasia does not reveal when the lies were uttered or how. Fantasia does not reveal the date or dates of Starbuzz's applications or in what precise communications those are conveyed. And

11

that Fantasia belatedly explains in its Response that Starbuzz lied to the USPTO "to procure the trademark" (the "why") is also insufficient.

The second alleged misstatement is also insufficiently pleaded. Fantasia alleges that "Starbuzz has made sworn statements at the U.S. Patent and Trademark Office that the mark BLUE SURFER is being used in relation with herbal molasses, [but] [o]n information and belief, Starbuzz has never marketed or sold a BLUE SURFER branded product relating to herbal molasses." (Am. Cl. ¶¶ 23–24). So, Fantasia alleges that Starbuzz lied about what products would be sold under the BLUE SURFER mark (the "what") before the USPTO (the "where"). But Fantasia fails to identify when the misstatements were uttered other than to allege during the application process, or to explain how the misstatements were conveyed. Fantasia's contention in argument that Starbuzz made such "fraudulent statements in attempting to procure the trademark" (Resp. 7) does not overcome the failure to address "the why" in its pleading.

The third alleged misstatement is also not sufficiently pleaded. Fantasia alleges "[o]n information and belief, Starbuzz has made additional sworn statements on other marks before the U.S. Patent and Trademark Office that such marks were used with herbal molasses." (Am. Cl. ¶ 25). Starbuzz correctly moves to dismiss this statement on the ground that "Fantasia fails to state a single fact as to the statements or other marks[.]" (Mot. 8). The allegation is so vague that it cannot possibly put Starbuzz on notice of the claim asserted against it. The allegation fails to identify the precise statements made by Starbuzz, when, or how. Starbuzz cannot be expected to engage in conjecture about the misrepresentations complained of. *See Durham*, 847 F.2d at 1511 ("The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.") (internal quotations marks and citation omitted).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that:

1. Starbuzz's Motion to Dismiss Third-Party Claims **[ECF No. 86]** is **GRANTED**.

2. Counts I and II are **DISMISSED**.

3. Fantasia has until January 31, 2012 to file a second amended third-party complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of January, 2012.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record